**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

RFL LIVING TRUST                                                                PLAINTIFF

v.                                                                    No. 5:26-cv-34-BJB

ARRA FINANCE, LLC, ET AL.                                               DEFENDANTS

* * * * *

### MEMORANDUM OPINION & ORDER

*Pro se* plaintiff David Raheem Rose alleges that, in 2022, he bought a Ford Explorer, which he financed (at least in part) through an auto loan issued by the defendant, ARRA Finance. Second Amended Complaint (DN 13) at 1–2. At some point in 2024, Rose and ARRA apparently disagreed about what the loan's terms required. *Id.* at 2–3. Then this lawsuit began when an entity styled as "RFL Living Trust," with Rose listed as a trustee, sued ARRA in state court. The original complaint alleged several federal statutory violations along with state-law breach-of-contract and tort claims—all related to the auto loan. DN 1-1 at 7–10. ARRA removed the case to federal court, *see* DN 1, and answered the complaint, *see* DN 8.

The Trust, which is not represented by a lawyer, purported to move to amend its complaint on March 6, 2026, in a filing apparently submitted by David Rose as trustee. DN 12. The proposed amendment replaced the federal statutory claims with additional state-law allegations: of breach (of the loan agreement) and various torts (in the attempted enforcement of that agreement). DN 12-2 at 3–4. About two weeks later, Rose, now representing himself *pro se*, filed a document styled "Second Amended Complaint." DN 13. He did so without the Defendant's consent or permission from the Court, despite Federal Rule of Civil Procedure 15(a)(2)'s requirement that the opposing party consent or the judge approve an amended complaint after a defendant has answered. That filing (DN 13) resembles the proposed amended complaint (DN 12-2)—except the new filing omits any mention of the RFL Living Trust and lists only Rose as a plaintiff, albeit one raising the same claims as the Trust previously had. *Id.* Helpfully, Rose's follow-up notice clarifies that his previous pleadings referred to the RFL Living Trust "strictly for contextual and background purposes only," not as an attempt to act on behalf of the Trust. Notice Regarding Plaintiff's Capacity and Operative Pleading (DN 14) at 1 ("Plaintiff does not assert claims on behalf of any trust, fiduciary relationship, or separate legal entity."). This may reflect a belated recognition that non-lawyers "may not proceed

1

in a *pro se* capacity as a trustee." *Great American Life Insurance v. Dixon*, 20 F. Supp. 3d 614, 616 (S.D. Ohio 2014).

The Defendant later responded in opposition to the Trust's previous motion (DN 12) for leave to file an amended complaint, arguing such amendment would be futile. *See* DN 15. The brief principally contends that amendment would be futile because the proposed amendment could not withstand a motion to dismiss. Notably, it contends the same arguments would apply to defeat the second proposed amendment—but it has *not* objected to Rose substituting (or clarifying) the named plaintiff. *See* DN 15 at 2–3 & n.1. Rose did not file a reply.

*Pro se* plaintiffs receive considerable latitude from courts construing their pleadings and filings. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Given that generous construction—and with an eye toward efficient resolution of the overall dispute—the Court:

1. Denies as moot RFL Living Trust's motion for leave to file an amended complaint (DN 12), given that Rose subsequently filed a second amended complaint (DN 13) in his own name.

2. Deems the Second Amended Complaint (DN 13) to be the operative complaint. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.").

3. Orders the Defendant to file an answer or other responsive pleading within 30 days. *See* FED. R. CIV. P. 12.

4. Directs the Clerk to strike previous plaintiff "RFL Living Trust" from the docket, deem David Rose the sole plaintiff for all purposes moving forward, and re-caption the case accordingly.

5. Warns the Plaintiff that any future amended pleadings require permission from the Court (or the opposing party) *before* filing. *See* FED. R. CIV. P. 15(a)(2).